IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :

                                          :

vs.          :   Case No. 06-055 (RCL)

                                          :

MICHAEL OWUSU-SAKYA          :

## MOTION TO SUPPRESS PHYSICAL EVIDENCE

The defendant, through his attorney, moves to suppress as evidence any and all physical evidence seized from 4108 3rd Street, N.W., Washington, D.C. - 20011, on or about January 5, 2006. In support of this motion the defendant would state the following:

1. On  December 26, 2005, a routine traffic stop was made of a vehicle that the defendant was driving. The stop was based on an alleged violation of the "window tint" law within the District of Columbia.  After the defendant was ordered out of the car, the police allege that the defendant attempted to flee. Within a short distance the defendant was apprehended and near him the police found approximately three ounces of marijuana. No "street value" was placed on this amount of marijuana.

2. In addition, to the marijuana, the police found documents on the defendant that linked him to 4108 3rd Street, N.W.   The police also found $1300.00 in his possession.

3. The police then learned that the defendant had prior contacts with the law. As represented in the warrant, the prior charges included a PWID Marijuana offense in 1995, a PWID Marijuana offense in 1996, and a Possession of Drugs in 2004. There were no representations in the warrant that these contacts were convictions and no representations regarding the amount of drugs involved in each case.

4. Based on these facts the arresting officers applied for and obtained a search warrant for 4108 3rd Street, N.W.

5. In paragraph 8, of the warrant that the police obtained, they concluded that someone in the business of selling drugs is likely to have a stash house and they concluded that 4108 3rd Street, N.W., was the stash house for the defendant based on their prior experience.

6. In the body of the warrant no specific information was provided by the police as to why this location was the defendant's stash house as opposed to any other location. No representations were made in the warrant as to how the police knew that the three ounces of marijuana was intended for distribution.

7. The defendant submits that the warrant did not contain facts that would indicate that there was probable cause to search 4108 3rd Street, N.W., Washington, D.C..

8. The defendant submits that the police are not authorized to search a location merely because it is associated with a person whom they suspect of criminal conduct. There must be a sufficient nexus between the criminal activity described and the location which is to be searched before a search can be conducted.

9. Direct evidence that contraband exists in the home is not required for a search warrant; rather, probable cause may be inferred from the type of crime, the nature of the items sought, the opportunity for concealment, and reasonable inferences about where the defendant may hide the incriminating items. *See,* for example, *United States v. Feliz,* 182 F.3d 82 (1st Cir.1999), *cert. denied,* 528 U.S. 1119, 120 S.Ct. 942, 145 L.Ed.2d 819 (2000); *United States v. Cruz,* 785 F.2d 399 (2d Cir.1986); *United States v. Hodge,* 246 F.3d 301 (3d Cir.2001); *United States v. Williams,* 974 F.2d 480 (4th Cir.1992); *United States v. McClellan,* 165 F.3d 535 (7th Cir.1999); *United States v. Riedesel,* 987 F.2d 1383 (8th Cir.1993); *United States v. Terry,* 911 F.2d 272 (9th Cir.1990); and *United States v. Thomas*, 989 F.2d 1252 (D.C.Cir.1993). The thrust of those decisions was characterized by the

court in *Thomas,* in a unanimous per curiam opinion by a panel that included now

Supreme Court Justice Ruth Bader Ginsburg, that "observations of illegal activity

occurring away from the suspect's residence, can support a finding of probable

cause to issue a search warrant for the residence, *if there is a reasonable basis to*

*infer from the nature of the illegal activity observed, that relevant evidence will be*

*found in the residence.*"

In the *Thomas* case from this Circuit, the Court approved a search

warrant for a home based on activity that occurred outside the home. However, the

facts in that case make that case decidedly different from this defendant's case.

There the police had information that the defendant was conducting street drug

sales on the same street that the house to be searched was located. The police had

this information from a known reliable informant and the police then confirmed the

information by conducting a buy with the dealer near his house. From those facts it

was a fair inference that the target was involved in drug dealing near his residence

and that he was using his residence as a possible stash house. In the defendant's

case there is no inference from his mere possession of three ounces of marijuana

that he was drug dealer and there is no inference from that possession of three

ounces of marijuana that he would have additional contraband at 4108 3rd Street,

N.W. Other than contacts with the law without certifications that the contacts

resulted in convictions, the defendant's contacts, two of which were over ten years

old, did not support a claim of probable cause.        Other Courts, and

 rightly so, have pointed  out  the mere observation, documentation, or suspicion of

a defendant's participation in criminal activity will not necessarily suffice, by itself,

to establish probable cause that inculpatory evidence will be found in the home.

*See,* for example, *Yancey v. State*, 345 Ark. 103, 44 S.W.3d 315, 321 (2001)

(observation of defendants watering 18 marijuana plants in the woods five to six

miles from their homes did not establish probable cause that inculpatory evidence

would be found in their homes); *United States v. Lalor*, 996 F.2d 1578, 1582-83

(4th Cir.1993) (without evidence that drugs might be stored at defendant's

residence or geographic distance between residence and drug transaction, probable

cause to search residence was lacking); *People v. Kazmierski*, 25 P.3d 1207, 1212

(Colo.2001) (direct evidence of drug activity at location to be searched required

where illegal activity consisted of the manufacture of drugs, "a crime requiring a

location"); *State v. Kahn*, 555 N.W.2d 15, 18 (Minn.Ct.App.1996) (refusing to

permit possession of  one ounce of cocaine to give rise to probable cause to search

residence more than 75 miles away).

         There must be something more than mere association with a particular

location, directly or by reasonable inference, that will allow a neutral magistrate to

determine that the contraband may be found in the home. In the defendant's case there is no such inference . Lacking that inference the warrant lacks probable cause.

11. The evidence seized pursuant to this warrant is the fruit of the illegal search and cannot be used against the defendant.

Wherefore, based on the above the defendant would request that this motion be granted.

Respectfully submitted,

_____

Douglas J. Wood

Suite 202

6801 Kenilworth Avenue

Riverdale, Maryland - 20737

(301) 699-0764

CERTIFICATE OF SERVICE

I do hereby certify that a copy of this Motion has been mailed and faxed to Michael T. Truscott, Assistant United States Attorney, 555 4th Street, N.W., Washington, D.C. - 20530, this 3rd day of April, 2006.

_____

Douglas J. Wood