UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 06-055 (RCL) |
| | : | |
| | : | STATUS: April 28, 2006 |
| MICHAEL OWUSU-SAKYA, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

### UNITED STATES' OPPOSITION TO
### MOTION TO SUPPRESS PHYSICAL EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its opposition to the Motion to Suppress Physical Evidence (Motion to Suppress) filed by the defendant on or about April 13, 2006. In support of this opposition, the United States would show the following:

1. The defendant has been indicted on two counts of Unlawful Possession With the Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1); Unlawful Possession With the Intent to Distribute 5 Grams or More of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); Unlawful Possession With the Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)©; Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1); Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1); and is subject to the forfeiture provisions of 21 U.S.C. § 853.

2. With the exception of one count in the indictment, these charges all arise out of the execution of a search warrant by the United States Park Police at the defendant's house located at 4108 3rd Street, N.W., Washington, D.C., 20011. It is the search warrant that is being challenged by the defendant in the Motion to Suppress.

3. Specifically, the defendant contends that the affidavit submitted in support of the application did not establish a "sufficient nexus" between the information known by the affiant and the defendant's house and, therefore, there was no probable cause for the issuance of the search warrant. See Motion to Suppress, pp. 3-6. In addition to failing to mention all of the facts presented in the affidavit,[1] a review of the affidavit demonstrates that the defendant's motion is simply wrong. Indeed, there was a substantial basis for the issuance of the search warrant at issue in this case.

4. The affidavit reflects that Investigator David A. Hurley, a police officer with experience in over 700 drug related offenses, submitted an application for a search warrant for 4108 3rd Street, N.W., Washington, D.C. Investigator Hurley stated that on December 26, 2005, at approximately 9:39 p.m., officers with the United States Park Police stopped a Volkswagen for a tint violation at the intersection of 14th and Columbia Road, N.W., Washington, D.C. As the driver, who was later identified as Michael Owusu-Sakyi, rolled the down the window, an officer detected the strong odor of fresh and burnt marijuana. At this point, the defendant was asked to step from the vehicle.

5. When the officers attempted to detain the defendant, he became combative and attempted, unsuccessfully, to flee from the police. The defendant attempted to punch the officers and continued to resist even after he was handcuffed. The defendant was able to remove a plastic baggie from his

---

[1] A copy of the Superior Court of the District of Columbia Affidavit in Support of An Application for a Search Warrant is attached hereto as Exhibit 1.

jacket and he attempted to hide it under a nearby vehicle. The officers were eventually able to get the defendant under control and stop the defendant's attempts to flee.

      6. The police recovered the plastic baggie and found three other plastic baggies inside of it. Each of the three baggies contained a green vegetable matter that field tested positive for THC, the active ingredient in marijuana. The total weight was approximately 3.3 ounces. The defendant was placed under arrest. Investigator Hurley noted that each of the individual bags of marijuana weighed approximately 1 ounce and that this was a standard amount to be sold on the street.

      7. Investigator Hurley's affidavit also noted that the defendant had approximately $1300 in U.S. Currency. The denominations were mostly $20. This was significant to Investigator Hurley because it was an indication that the defendant was involved in the sale of marijuana because it is often sold in the District of Columbia as "doubs" or $20 bags.

      8. Some records check revealed that the defendant had prior contact with the criminal justice system for possessing marijuana with the intent to sell in Virginia in 1995, possessing marijuana with the intent to sell in Virginia in 1996, possession of a controlled substance in Tennessee in 2004, and driving under the influence in Georgia in 2003.

      9. Investigator Hurley's affidavit also points out that the police recovered an ADT security company bill for security services, dated January 1, 2006; a barbershop license for the defendant from the state of Virginia, with an expiration date of March 31, 2007; a PEPCO bill, issued on November 21, 2005, for Michael Sakyi and Kofi Assante. These documents were recovered from the Volkswagen driven by the defendant on December 26, 2006 and each reflected the address of 4108 3rd Street, N.W., Washington, D.C. Investigator Hurley went on to point out, that in his experience, drug distributors will often use their own homes, as well as the homes of acquaintances,

to store illegal drug proceeds, documentation of drugs sales, and firearms used for protection from drug competitors or the police.

10. Finally, Investigator Hurley stated that based upon the defendant's actions in attempting to flee and elude the police, the amount of marijuana, and the amount of cash that the defendant was engaged in the sale of illegal drugs. Moreover, based upon the effort to safeguard and/or provide security at 4108 3rd Street, Investigator Hurley stated that address may contain illegal proceeds and illegal property.

11. Based upon all of the foregoing information, and the investigator's training and experience, Investigator Hurley requested that a warrant be issued for 4108 3rd Street, N.W. Judge Melvin Wright of the Superior Court of the District of Columbia found that there was probable cause for the issuance of a search warrant on December 28, 2005.

12. The Motion to Suppress contends that there was no probable cause for Judge Wright to issue the warrant. However, the defendant's motion completely fails to address certain facts that were presented to Judge Wright and fails to consider the deference owed when a judicial officer's makes a finding of probable cause. Therefore, the Motion to Suppress should be denied in its entirety.

The Motion Should Be Denied Because
There Was Substantial Evidence In
The Record To Support a Finding of Probable Cause

13. The Motion to Suppress should be denied because the facts and circumstances set forth in the affidavit from Investigator Hurley provided substantial evidence for the judicial officer here to make a finding of probable cause for the issuance of a search warrant for 4108 3rd Street, N.W.

14. In determining whether an affidavit establishes probable cause for the issuance of a

search warrant, the judicial officer must employ a totality of the circumstances analysis. Illinois v. Gates, 462 U.S. 213, 231-32 (1983). Simply put, the task of the judicial officer is to make a practical common sense determination of whether, given all of the circumstances set forth in an affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Id.[2] In turn, a court reviewing the decision of the judicial officer to issue the warrant is only to ascertain whether there was a "substantial basis" for reaching a conclusion that probable cause has been established. Id. Here, the defendant simply contends that there was not a substantial basis in the affidavit for Judicial Wright to make a finding of probable cause that evidence and/or contraband could be found at 4108 3rd Street, N.W. The defendant's motion is without merit.

15. It is important to recall that the Court is show "great deference" to the determination of probable cause made by the judicial officer. United States v. Johnson, 437 F.3d 69, 71 (D.C. Cir. 2006)(citing Illinois v. Gates, 462 U.S. 213, 236-37 (1983). Applying this standard here, it is clear that there was a substantial basis for Judge Wright to make a determination of probable cause. The defendant's motion simply contends that there is an insufficient nexus to the address on 3rd Street to issue a warrant.

16. In United States v. Johnson, the court rejected a similar argument where a defendant contended that the affidavit in that case failed to connect the alleged criminal activity to the defendant's address. In Johnson, the affidavit referred to criminal conduct that occurred nearly eight months earlier with a different individual, as well as a more recent encounter where the same individual asked an undercover officer for a cell phone number and instructed the officer to "come

---

[2] Cf. United States v. Conley, 4 F.3d 1200, 1205 (3d Cir. 1993)(even if a reviewing court would not have found probable cause, it must nevertheless uphold the warrant so long as the issuing magistrate's determination is consistent with the minimal substantial basis standard).

around the way and holla at me for some more shit." 437 F.3d at 71.  The defendant was only the lease holder for the apartment where the police recovered narcotics.  The connection between the criminal conduct by the other individual and where the police found the narcotics was (1) the other individual had listed the apartment as an address nearly a year earlier, (2) a cell phone had been registered to the apartment, and (3) and the officers had seen the other individual walking out of the address.  Id.  In support of the application for a search warrant, the police offered expert evidence on the practice of drug dealers of keeping various items in the homes of people involved in the organization.  Id.  In rejecting the defendant's challenge, the court held that it was sufficient, in a case without direct evidence of drug dealing from the residence to be searched, for the affiant to state that drug dealers will frequently keep business records, narcotics, and firearms in their residences.  437 F.3d at 71-72 (citing United States v. Thomas, 989 F.2d 1252, 1255 (D.C. Cir. 1993).  Applying this reasoning to the instant case, the judicial officer was clearly given evidence to support a finding of probable cause.  This Court recently reached the same conclusion in United States v. Eiland, slip op. at 10-11 (Case No. 04-379 (RCL), March 2, 2006)(A copy of the Court's ruling in Eiland is attached hereto as Exhibit 2).

      17.  Indeed, the Motion to Suppress overlooks the fact that Investigator Hurley's affidavit indicated that the defendant's attempts to flee, the packaging of the marijuana, the large amount of money found on the defendant, and the denominations of the currency were indicia of someone engaged in drug distribution.  Moreover, the police found current document in the possession of the defendant directly linking him directly to the address.  Indeed, the documentation included recent and ongoing efforts by the defendant to establish and maintain security at the address.  Thus, taken together with the expert statements of Investigator Hurley regarding the practice of drug distributors

to stash documents and other items in their home, there was a substantial basis for Judge Wright to make a determination of probable cause for a search warrant. Therefore, the motion to suppress should be denied in its entirety.

    18.  Further, it is clear that the police executing the search warrant reasonable relied on the warrant signed by Judge Wright.  Thus, the Court should not suppress any evidence gathered in reliance on that warrant.  United States v. Leon, 468 U.S. 897, 922 (1984).  Suppression would only be appropriate if the judicial officer abandoned his or her detached and neutral role, or the affiant was dishonest or acted with reckless disregard for the truth in preparing the affidavit.  468 U.S. at 926.  Here, the defendant does not, and could not, contend that the judicial officer had abandoned his detached and neutral role or that Investigator Hurley was somehow dishonest.  Thus, the officers

/ / /


/ / /


/ / /

acted in good faith in relying on the warrant signed by Judge Wright and, even if the Court were to disagree with the finding of probable cause, suppression would not be the appropriate remedy. Therefore, the Motion to Suppress should be denied.

WHEREFORE, based upon the foregoing argument and authorities cited, the United States respectfully requests that the Motion to Suppress be denied in its entirety.

Respectfully,
KENNETH L. WAINSTEIN
United States Attorney

By: _____
MICHAEL T. TRUSCOTT
ASSISTANT UNITED STATES ATTORNEY
Member of the New York Bar
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
Phone: (202) 514-7533
Fax: (202) 514-6010

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing United States' Opposition to Motion to Suppress Physical Evidence was caused to be served via United States Mail, postage prepaid, upon counsel of record for the defendant, Douglas Woods, 6801 Kenilworth Avenue, Suite 202, Riverdale, Maryland 20737, this 13th day of April, 2006.

_____
MICHAEL T. TRUSCOTT