UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA </br></br> v. </br></br> MICHAEL OWUSU-SAKYA, </br></br> Defendant. | ) </br> ) </br> ) </br> ) </br> ) Criminal No. 06-55 (RCL) </br> ) </br> ) </br> ) </br> ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion [6] to suppress physical evidence, filed April 3, 2006. The United States filed an opposition [7] thereto on April 11, 2006. Both parties appeared before the Court for a hearing on May 19, 2006. Upon consideration of the parties' filings, the applicable law, and the entire record herein, the Court concludes that defendant's motion [6] to suppress physical evidence shall be DENIED.

**I. BACKGROUND**

On December 26, 2005, defendant was stopped for a suspected traffic infraction. (Hurley Aff. (Ex. 1 to Govt.'s Opp'n) ¶ 3.) The officer smelled "a strong odor of fresh and burnt marijuana" emanating from the vehicle. (*Id.*) Upon stepping out of the vehicle at the officer's direction, defendant became combative and attempted to flee. (*Id.*) Defendant removed a small plastic bag from his jacket and attempted to place it under a nearby vehicle. (*Id.*) After defendant was subdued, police retrieved the plastic bag and found it to contain more than three ounces of marijuana in three separate packages. (*Id.*) Defendant was placed under arrest. (Govt.'s Opp'n ¶ 6.) The officers searched defendant and found $1300, primarily in twenty-dollar bills (Hurley Aff. ¶ 6) and several documents showing his address as 4108 3rd St., N.W. in

the District of Columbia (*id.* ¶ 4). The officers then determined, from a computer search, that defendant had a criminal record over the prior ten years: three charges of possession of marijuana with intent to distribute, a possession charge, a driving while intoxicated charge, an obstruction charge, and a case in which his suspended sentence and probation were revoked. (Hurley Aff. ¶ 7.)

Citing the foregoing, the arresting officers applied for, and were granted, a warrant to search the 3rd Street location. (Govt.'s Opp'n ¶ 4.) The application asserted that the circumstances of defendant's arrest established probable cause to believe that the location was a stash house, based largely on the affiant's experience in similar cases. (Hurley Aff. ¶¶ 2, 8.) Evidence discovered during the search led to a six-count indictment returned on February 28, 2006. The indictment charges defendant with possession with intent to distribute marijuana, crack cocaine, powder cocaine, possession of a firearm in relation to a drug trafficking offense, unlawful possession of a firearm by a convicted felon, and also subjects him to certain forfeiture provisions.

Defendant argues that there was no probable cause to search the residence, and that as a result, the warrant and all evidence discovered during its execution are invalid. (Def.'s Mot. ¶¶ 7-8, 11.) He claims that the application failed to show either that defendant was a drug dealer or, even if he were, that there was a "sufficient nexus between the criminal activity described and the location which is to be searched." (*Id.* ¶¶ 8-9.) While he concedes that probable cause that contraband will be found in a location may be inferred from other factors, he argues that such factors were not present in this case sufficient to establish the inference. (*Id.* ¶ 9.) The Government contends that the application established probable cause for the warrant, and

provided a substantial basis for its issuance. (Govt.'s Opp'n ¶ 3.) The entirety of the factors presented to the issuing judge, the Government argues, provided a sufficient basis for his finding, a finding which warrants deference by a reviewing court. (*Id.* ¶ 12.)

## II. DISCUSSION

This Court's role in reviewing a judge's finding of probable cause is quite narrow: the Court must accord "great deference" to the issuing official's determination of probable cause, and need only determine that the judge had a "substantial basis" for concluding that probable cause existed. *See Illinois v. Gates*, 462 U.S. 213, 236-37 (1983). This Court must find that the judge, based on the totality of the circumstances, determined that there was a "fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238. In determining whether probable cause exists, this Court must ascertain what facts were provided as a basis for the allegations of wrongdoing and whether there was some basis for believing those facts to be credible. *See, e.g., United States v. Thomas,* 989 F.2d 1252, 1254 (D.C. Cir. 1993) (quoting *Gates*, 462 U.S. at 238). If this Court finds that probable cause existed, it need not inquire into the applicability of the good faith exception.

This Court finds that the Superior Court judge had a substantial basis for his finding of probable cause. The judge could reasonably conclude that defendant was engaged in drug trafficking based on all of the circumstances of his arrest – namely, the odor of marijuana, defendant's combativeness, his attempt to dispose of marijuana that appeared to have been packaged for distribution, his possession of a large amount of cash in small bills, and his criminal record. Defendant presents no reason to doubt the credibility of any of these facts which were provided to the judge, and this Court finds that the affiant's statement of them was credible.

Taken together, they could reasonably support a conclusion that defendant was currently engaged in drug distribution.

Upon reaching this conclusion, the judge could reasonably find probable cause that a drug dealer would have stored contraband in his residence. Judge Wright could have based such a finding, in part, on the fact that defendant had on his person several documents relating to the residence. One of the documents was an invoice for a security system at that address, and the affiant noted that such a system might be used to protect illegal property or proceeds. (Hurley Aff. ¶ 9.) Defendant argued at the hearing that a contrary inference was more probable – that is, that the address must not have contained contraband because of the risk that law enforcement would be called to the premises if the alarm were triggered. While defendant's interpretation may be reasonable, this Court finds that the Government's (and the affiant's) inference is also reasonable. That the facts may be susceptible to differing interpretations need not compel the conclusion that the judge's determination of probable cause, based on one of several interpretations of the facts, lacked substantial basis. Superior Court Judge Wright could reasonably have determined that the security system was designed to protect illicit activities, and that defendant was – for whatever reason – willing to take the chance that law enforcement might respond to the alarm.

Judge Wright could also have based his finding, in part, on the affiant's statement that, in his experience, "drug distributors often use their homes . . . as stash areas to conceal" contraband. (*Id.* ¶ 8.) This Circuit has previously held that a sufficient nexus existed between defendant and the searched location as long as the Government demonstrated that persons involved in defendant's suspected activities typically store evidence or contraband in the target locations.

*See United States v. Johnson*, 437 F.3d 69, 71-72 (D.C. Cir. 2006) (citing *Thomas*, 989 F.2d at 1255) (holding that an affiant's statement that, in the affiant's experience, "drug dealers frequently keep business records, narcotics, proceeds from sales, and firearms in their houses" was sufficient to establish probable cause to search defendant's residence).

More generally, in viewing all of the evidence, the judge may take into account the extensive experience of the affiant. (*Id.* ¶¶ 2, 8.) The affiant in this case, an investigator with the Narcotics & Vice Unit of the United States Park Police, had nearly fifteen years of experience with the agency, during which he had participated in over 700 drug-related arrests, 70 undercover narcotics purchases, and the execution of over 80 narcotics and firearm-related search warrants. (*Id.* ¶ 2.) In light of this knowledge and experience, the affiant's interpretation of the circumstances could reasonably be credited, particularly with regard to facts that could be interpreted in differing ways. *See United States v. Laws*, 808 F.2d 92, 103 (D.C. Cir. 1986) ("Law-enforcement officers may draw upon their expertise in translating activity that appears innocuous to the untrained mind into grounds supporting a search or arrest warrant.")

While a judge or magistrate may not rely solely on the affiant's statement, Judge Wright's finding of probable cause was based on a credible interpretation of the facts provided by the affiant. It was appropriate for the judge, in determining probable cause, to "draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *United States v. Angulo-Lopez*, 791 F.2d 1394, 1399 (9th Cir. 1986). Judge Wright could reasonably have inferred – based on the indications that defendant was a drug distributor, that the residence was secured by an alarm system, and by the affiant's statement that

drug distributors typically stash contraband in their homes – that contraband would be found at the residence.

### III. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that defendant's motion [6] to suppress physical evidence is DENIED.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, June 6, 2006.