UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUN 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 06-055 (RCL)
:
:
MICHAEL OWUSU-SAKYI, :
:
Defendant. :
_____ :

*Let this be filed with plea agreement.*

*Royce C. Lamberth*
*U.S.D.J.*
*6/12/06*

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Michael Owusu-Sakyi, hereby submit the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSES

The essential elements of the offense of Using, Carrying or Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c), are:

1. The defendant knowingly used, carried, or possessed a firearm, that is, a handgun;

2. The firearm had been shipped or transported from one state to another; and

3. The defendant used, carried or possessed the firearm in furtherance of a drug trafficking offense.

II.   COPY OF THE PLEA AGREEMENT

A copy of the plea agreement, not yet executed by the defendant, is attached.

III.    PENALTIES

Pursuant to 18 U.S.C. §§ 924(c):

1. a term in prison of not less than 5 years;
2. a fine of not more than $250,000; and
3. a term of supervised release of not more than three years.

IV.    FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on December 26, 2005, at approximately 9:40 p.m., the defendant, who was later identified as Michael Owusu-Sakyi, was driving a 1998 Volkswagen in the area of 14th Street and Columbia Road, N.W., Washington. The defendant was stopped by Officer Pacileo and Officer Abate of the United States Park Police for a tint violation and a traffic infraction. Officer Pacileo approached the driver's side window and could detect the odor of fresh and burnt marijuana. After the defendant was advised of this fact, he was asked to step out of the vehicle. Upon exiting the vehicle, the defendant began to struggle with Officer Pacileo in an attempt to break free. The defendant attempted to get onto the sidewalk as he struggled with both officers.

The officers were forced to pin the defendant against a fence. At this point, the defendant began throwing punches at the officers. The officers placed the defendant on the ground and sprayed him with pepper spray. Nonetheless, the defendant was able to reach into his back pocket and remove a plastic bag, and then threw it under a nearby vehicle. The police recovered the plastic bag and found that it contained three smaller bags of marijuana weighing 55.3 grams. In a search incident to his arrest, the police also recovered $1,337 in U.S. Currency from the defendant's person.

The United States Park Police then obtained a search warrant for a house located at 4108 3rd Street, N.W., Washington, D.C., that os owned by the defendant. The warrant was executed on January 5, 2006.

In executing the warrant, the Park Police recovered the following items from the defendant's house:

1. $50,017 in U.S. Currency;

2. 4792.6 grams of marijuana;

3. 36.7 grams of smokeable crack cocaine;

4. 198 grams of cocaine hydrochloride;

5. Numerous Ziplock bags of various sizes;

6. Mortgage papers and other documents belonging to the defendant;

7. 2 large digital scales;

8. 2 small digital scales;

9. Magazine of ammunition, as well as loose ammunition;

10. 2 boxes of ammunition and a holster;

11. 1 loaded 9mm Bryco handgun;

12. 1 .38 caliber Smith and Wesson revolver

In addition, as the police were executing the search warrant, the defendant returned to the house and, in a search incident to his arrest, the police recovered $1,268 from the defendant's person.

A fingerprint specialist from the Federal Bureau of Investigation would have testified that the defendant's fingerprints were recovered from several pieces of evidence, including once of the digital scales. The government would have offered the testimony of an expert in narcotics trafficking

in the District of Columbia to explain that the packaging, amount of narcotics, digital scales and firearms are, in the experience of the expert, used by drug dealers to distribute drugs. The expert also would have opined that drug dealing is a cash business and that it is not unusual for drug dealers to have large amounts of case on their persons or in their homes. The expert would have explained that guns are often used by drug dealers to maintain the security of their narcotics and money. Finally, the government would have demonstrated that firearms are not manufactured in the District of Columbia and, therefore, these handguns traveled in the interstate commerce.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
MICHAEL T. TRUSCOTT
Assistant United States Attorney
Member of the New York Bar
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
202-514-7533