## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **CRIMINAL NO.  06-55** |
| | **:** | |
| | **:** | **Sentencing: September 5, 2006** |
| **MICHAEL OWUSU-SAKYI,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| _____ | **:** | |

### UNITED STATES' MOTION FOR
### TWO POINT REDUCTION FOR ACCEPTANCE
### OF RESPONSIBILITY
### AND MEMORANDUM IN AID OF SENTENCING

COMES NOW, the United States of America, by and through its attorney, the United States

Attorney for the District of Columbia, and hereby respectfully submits its Motion For Two-Point

Reduction For Acceptance of Responsibility and Memorandum in Aid of Sentencing.  In support

thereof, the United States would respectfully showing the following:

### **Motion for Reduction**

A.  Factual Summary of Possessing a Firearm During a Drug Trafficking Offense

1.  On December 26, 2005, at approximately 9:40 p.m., the defendant, who was later

identified as Michael Owusu-Sakyi, was driving a 1998 Volkswagen in the area of 14th Street and

Columbia Road, N.W., Washington.  The defendant was stopped by Officer Pacileo and Officer

Abate of the United States Park Police for a tint violation and a traffic infraction.

2.  Officer Pacileo approached the driver's window and detected the odor of fresh and burnt

marijuana.  After the defendant was advised of this, he was asked to step out.

3.  Upon exiting, the defendant began to struggle with Officer Pacileo in an attempt to break

free.  The defendant attempted to get onto the sidewalk as he struggled with both officers, and the

officers were forced to pin him against a fence.  Defendant then began to throw punches at the

officers.  The officers placed the defendant on the ground and had to spray him with pepper spray.

4.  Defendant reached into his back pocket, removed a plastic bag, and threw it under a

nearby vehicle.  The police recovered the plastic bag and found that it contained three smaller bags

of marijuana weighing 55.3 grams.  In a search incident to his arrest, the police recovered $1,337 in

U.S. Currency from the defendant.

5.  The United States Park Police obtained a search warrant for a house located at 4108 3rd

Street, N.W., Washington, D.C., that was owned by the defendant.

6.  The warrant was executed on January 5, 2006.  In executing the warrant, the Park Police

recovered the following items:

(a).  $50,017;
(b).  4792.6 grams of marijuana;
(c).  36.7 grams of crack cocaine;
(d).  198 grams of powdered cocaine;
(e).  Numerous Ziplock bags;
(f).  4 digital scales;
(g)  A magazine, two boxes and loose ammunition, as well as a holster;
(h).  A loaded 9mm Bryco handgun;
(i).  A .38 caliber Smith and Wesson revolver

7.  As the police were executing the search warrant, the defendant returned to the house and

was arrested again.  In a search incident to his arrest, the police recovered $1,268 from his person.

B.  Defendant's Acceptance of Responsibility

8.  The defendant expressed an early interest in entering into a plea.  Because of the

defendant's early acceptance of responsibility, also pursuant to the plea agreement, the United States

was able to conserve valuable prosecution resources and the defendant is entitled to a two-point

reduction for acceptance of responsibility pursuant to Section 3E1.1 of the United States Sentencing Guidelines. Pursuant to the plea agreement, the defendant is reserving his right to appeal the Court's order of June 6, 2006, in which the Court denied the Defendant's Motion to Suppress.

### Memorandum in Aid of Sentencing

9.   Based on the information set forth in the Presentence Investigation Report (PSR), the defendant's base offense level is governed by the fact that defendant pled guilty and accepted responsibility for unlawfully possessing a firearm during a drug trafficking offense, which has a minimum five year sentence. U.S.S.G. §2K2.4(b). The government is recommending that the defendant be sentenced to 60 months.

10.   According to the PSR, the defendant's criminal record goes back more than a decade. In total, the defendant has four previous convictions, and they include three drug convictions. The defendant now stands before the Court to be sentenced for his fifth conviction. This is an average of a conviction almost every other year. The instant conviction centers around the defendant's possession of a gun during a drug trafficking offense. This repeated criminal behavior demonstrates that the chances of rehabilitation for the defendant are dismal.

11.   More importantly, however, is the shear amount of narcotics and guns that the defendant possessed. In addition to having over $51,000 in cash, the defendant had over ten pounds of marijuana, over thirty-six grams of crack, and nearly 200 grams of powdered cocaine. All this while being in possession of a 9mm handgun and a .38 caliber handgun. This set of facts presents an extraordinarily dangerous situation for the community, and for the police. In sum, the defendant's behavior and background information noted in the PSR demonstrates that he is committed to engaging in unlawful activities that present real and substantial dangers to the community. Further,

the defendant appears to be committed to criminal behavior involving drugs and guns. As the Court is well aware, this is an extraordinarily dangerous combination to our community. There is also a substantial need for deterrence. A five year period of incarceration would deter others from committing similar offenses.

12. This sentence is supported by the factors to be considered by courts as articulated in 18 U.S.C. § 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider:

(a). The circumstances surrounding the offense and defendant's criminal history: As mentioned above, the defendant has three prior convictions for drug related offenses during the past ten years. Here, in addition to possessing a substantial amount of marijuana, crack, and powered cocaine, the defendant was in possession of two handguns. This record demonstrates not only a commitment to criminal behavior on the part of the defendant, but it also reflects a terrifying escalation in the seriousness of that criminal behavior.

(b). The seriousness of the offense and the need to promote respect for the law and punishment: The combination of drugs and guns speak for themselves in terms of seriousness. But it is also worth noting that this case arose out of a simple traffic infraction which resulted in police officers having to place themselves in harm's way and confront a suspect who was willing, ready and able to fight the police. Thus, the presence of guns, a large amount of drugs, and a demonstrated willingness to fight police officers reflect a dire need to promote respect for the law.

(c). Potential deterrence: A five year sentence would demonstrate to the defendant, as well as others, that there are significant consequences when firearms are possessed in connection with the trafficking of narcotics.

-4-

(d).  Protecting the public: The record amply demonstrates the need to protect the public from the defendant's criminal behavior.  Indeed, not only is this the defendant's fourth drug conviction in a little more than ten years, but the record reflects an increase in severity.  Here, the defendant was in possession of two guns and over ten pounds of marijuana.  Previously, it is worth noting, the defendant's crimes appeared to only involve marijuana.  Here, the police recovered a significant amount of crack cocaine and powdered cocaine.

(e).  The needs of the rehabilitative needs of the defendant: There are none.  The defendant is a well-educated individual who stands before the Court with employment skills.  The PSR shows that the defendant is sophisticated enough to purchase several houses and rent them out.  The PSR also shows that the defendant has a remarkable support network in his family.  Nonetheless, the defendant is committed to engaging in criminal behavior.  The reason is simple.  The defendant chooses to engage in this behavior.  A sentence of five years is appropriate given the defendant's choice.

Respectfully,
KENNETH L. WAINSTEIN
United States Attorney

By: _____
MICHAEL T. TRUSCOTT
ASSISTANT UNITED STATES ATTORNEY
Member of the New York Bar
Federal Major Crimes Section
United States Attorney's Office
555 Fourth Street, N.W., Room 4237
Washington, D.C. 20530
Phone: (202) 514-7533
Fax: (202) 514-6010